ENRICO MEDICI *vs.* UNITED STATES RUBBER COMPANY.

DECEMBER 12, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is an original petition, filed under the workmen's compensation act, general laws 1938, chapter 300, asking for compensation and medical expenses from the respondent by reason of an alleged accident which the petitioner is claimed to have suffered, arising out of and in the course of his employment.   In the superior court, after a hearing, a decree was entered denying and dismissing the petition and the petitioner has duly prosecuted his appeal to this court.

It appears from the evidence that for about two years prior to the occurrence in question the petitioner had been employed by the respondent as a laborer and that he did trucking, moving and lifting of goods in the respondent's premises.   In October, 1944, the exact day not being clearly fixed by the evidence but being alleged to be the tenth, the petitioner, in the evening, picked up a bale of rubber weighing about one hundred pounds in order to place it on a truck, and, according to his testimony, felt at that time pain in the lower part of his abdomen, chiefly on his right side.   He dropped the bale, complained of the pain to his immediate superior, who was present, and did no more work that evening.

On the next day he was examined by a doctor employed by the respondent, who testified in substance that he found nothing whatever objective in the petitioner's condition and no evidence of a hernia.   This doctor prescribed a belt for the petitioner's back as the latter had complained of lameness there at an earlier date.   Such a belt was provided by the respondent.   The doctor also testified that on March 16,

1944, prior to the above-described occurrence, the petitioner had complained of pain in his lower abdomen and groins, particularly the right groin, but that the doctor at that time also found nothing objective and no indication of an inguinal hernia. The petitioner stayed with the respondent doing somewhat lighter work for a month after the happening in October. He did not complain during this period that he could not do the work assigned to him. However, on November 11, 1944, he left the respondent's employment of his own accord because, according to his testimony, he was still having some pain in his side and did not feel any better. He apparently has not worked since that time.

Thereafter the petitioner consulted two doctors of his own choosing. The first one examined him three times in November, 1944 and sent him for examination to another doctor who did not testify. The petitioner consulted the second doctor in January, 1945. Both of these doctors, who appeared as witnesses, testified that the petitioner was suffering from a small hernia at the lower end of a scar on the right side of his abdomen, which scar was due to an appendectomy that had been performed on the petitioner in 1930. Another doctor, who had been appointed as an impartial examiner by the chief of the division of workmen's compensation, also examined the petitioner in January, 1945. After such examination and after obtaining a history of the case, he felt that the petitioner had no inguinal hernia on either side of his abdomen, but that he had a small hernia at the lower end of the above-mentioned scar. The three doctors, just referred to, all advised operative treatment. On behalf of the respondent the petitioner was examined by another doctor in December, 1944 and again in December, 1945. At both times it was the latter's opinion that the petitioner had no inguinal hernia. On the second occasion this doctor also examined the petitioner's operative scar and found no hernia there.

At the conclusion of the hearing in the superior court a final decree was entered adjudging "that the petitioner re-

ceived on or about October 10, 1944 by accident arising out of and in the course of his employment an injury, to wit, an incisional hernia, but said injury has not resulted in the incapacity of the petitioner for work from the date of said accident . . . ."

The finding of the trial justice that the petitioner had suffered an incisional hernia from the alleged accident is conclusive for two reasons: First, because there clearly was legal evidence to support such a finding; and, second, because the respondent did not appeal from that portion of the decree. The only question, therefore, now before us on the petitioner's appeal is whether or not the finding that his injury did not incapacitate him for work should stand.

The petitioner contends that the trial justice misconceived the evidence and that such error was one of law, not fact, and was therefore reviewable. He argues in substance that having decided, contrary to the opinion of respondent's doctors, that the petitioner had suffered an incisional hernia, the court should have also disregarded such doctors' view that the petitioner had not suffered disability from the alleged accident, since such view was based on their finding of the absence of any hernia. The petitioner also urges that the respondent, because it has not furnished him with any operative medical treatment, is in effect estopped from claiming that the petitioner suffered no disability.

Upon consideration we are of the opinion that the trial justice did not misconceive the evidence; that his finding in respect to the petitioner's capacity to work after the accident was one of fact, not law; and that there was legal evidence to support such finding. The petitioner did in fact work a month after the accident. Indeed there was no medical evidence that the petitioner was incapacitated from working by reason of the alleged accident in October, 1944. Also, one of the respondent's doctors testified as follows: "Q. Let me ask you this. Did you find anything disabling about this man's condition as far as the scar or inguinal rings or anything else was concerned? A. No, sir." Another doc-

tor testified that he found no hernia of any kind and nothing objective in the petitioner's condition.

The fact that the trial justice did not accept the testimony of the respondent's doctors in regard to the absence of any hernia, in our judgment did not necessarily require him to disregard entirely their opinions that the petitioner could work. The two findings were on separate issues. It does not follow that, because the trial justice found that petitioner had an incisional hernia, he was bound to conclude that petitioner was necessarily incapacitated therefrom. It is well settled that where there is legal evidence to support the finding of the trial justice on the point in issue we do not weigh such evidence, and the finding is conclusive.

Further, it is our opinion that, under the facts and circumstances herein, the respondent is not estopped from contending that the petitioner was not incapacitated for work, although it has not paid any medical expenses for him. The trial justice having found that the incisional hernia did not incapacitate the petitioner from doing his usual work, no question of the payment of medical expenses for an operation arose.

In this respect the instant case is distinguishable from *Bishop* v. *Morrow,* 68 R. I. 518, which is relied on in this connection by the petitioner. In that case it was found that the petitioner was totally incapacitated by a hernia received in an accident arising out of and in the course of his employment, and therefore was entitled to compensation. Under such circumstances it was held in substance that the respondent employer, which had consistently denied any liability for compensation to the petitioner, and which had never offered to pay the expenses of a surgical operation, he not being able to afford one, could not urge that the employee's continuing disability was due to a willful and unreasonable refusal by him to have an operation performed. In the instant case, however, the basic finding was different, namely, that although a small incisional hernia was caused

to the petitioner by the accident in October, 1944, such hernia did not incapacitate him from his usual work.

Whether petitioner may be entitled to the expenses of an operation, if one becomes necessary in the future as the result of incapacity caused by the accidental incisional hernia in question, assuming timely petition is made for such expenses, is not before us and is not now decided because of the finding that the petitioner is not presently incapacitated from doing his usual work.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for petitioner.

*Sherwood & Clifford, Sidney Clifford,* for respondent.